UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

LOIS ROGERS,

        **Plaintiff,**

v.                                            CIV. No. 00-0165 LH/LFG

**WAL-MART STORES, INC.,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER OF REMAND**

**THIS MATTER** comes before me *sua sponte.* Having reviewed the pleadings filed in this case and the applicable law, I conclude that I lack subject matter jurisdiction and must remand this case to the Eleventh Judicial District Court, County of San Juan, State of New Mexico.

**Background**

On December 2, 1999, Plaintiff filed her complaint in the Eleventh Judicial District Court, County of San Juan, State of New Mexico, asserting claims for damages for personal injury. Plaintiff requested damages in an unspecified amount to be determined by the trier of fact, for damages, costs and prejudgment interest. Nowhere in the complaint does Plaintiff quantify her request for damages.

On February 9, 2000 Defendant filed its notice of removal under 28 U.S.C. § 1441. This notice alleges that it was filed within thirty (30) days of service on it of the complaint and

summons. The notice of removal also states that complete diversity of citizenship exists and that this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. Pursuant to the requirements of *Laughlin v. KMart Corp.*, 50 F.3d 871 (10th Cir. (10th Cir.), *cert. denied,* 516 U.S. 863 (1995). Defendant states the following as its factual basis upon which it relies in support of this Court's diversity jurisdiction: "Plaintiff has refused to stipulate with Defendant that Plaintiff's damages are less than $75,000.00. See Defendant's Correspondence to Plaintiff, Defendant's Proposed Stipulation Regarding Damages and Plaintiff's response correspondence, attached as Exhibit A." Notice of Removal ¶ 6(a).

The referenced Exhibit A contains a letter from Defendant's counsel to Plaintiff's counsel, Chester Miller, asking him to sign the enclosed stipulation if he agrees that his client's claim is worth less than $75,000. If Mr. Miller disagreed with this amount, Defendant's counsel indicated that she would be filing appropriate removal documents. Mr. Miller's letter in response indicates his refusal to "arbitrarily put some limit on my client's potential recovery." He indicated that Ms. Rogers had currently incurred approximately $19,000 in medicals and would continue with difficulties. He also indicated in his letter that his client was willing to accept the sum of $74,500 as full settlement of her claims in this matter.

**Legal Standard**

Federal court jurisdiction is to be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). There is a presumption against removal jurisdiction. *Laughlin v. KMart Corp. at* 873. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing that removal was properly accomplished. *Id.* The

amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Laughlin v. KMart* at 873. A court lacking jurisdiction must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. *Id.*

**Discussion**

It is now incumbent on this Court to determine whether Defendant has met its burden to establish that removal was properly accomplished in this instance. In this regard I will first examine the allegations of the complaint. As set forth above, it is clear that Plaintiff's state-court complaint, on its face, does not establish that the amount in controversy is greater than $75,000. *See Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995) (court can determine in first instance that removal was proper if it is facially apparent from complaint that plaintiff's claims exceed the jurisdictional minimum). This complaint is vague concerning the damages sought and simply asks for damages to be determined by the trier of fact.

I will next evaluate the sufficiency of allegations in the notice of removal. As noted by the *Laughlin* opinion, the party requesting removal must, in the notice of removal itself, set forth the underlying facts supporting the assertion that the minimum-amount-in-controversy has been met. *Laughlin v. KMart* at 873. Although the defendant in *Laughlin* proffered evidence concerning the amount in controversy after the notice of removal had been filed, the Tenth Circuit held that the evidence could not be considered. Instead, said the Court, the requisite amount in controversy must be affirmatively established on the face of the complaint or the notice of removal. *Id.* In light of *Laughlin,* given the inadequacy of allegations in the complaint, it appears that it was incumbent on this Defendant to set forth facts, in the notice of removal itself, showing

that the amount-in-controversy has been met. *See Barber v. Albertsons, Inc.*, 935 F. Supp. 1188, 1190 (N.D. Okl. 1996)(interpreting *Laughlin* to impose such a hurdle).

The facts set forth in the notice of removal itself do not establish that the amount-in-controversy has been met. The notice merely mentions that Mr. Miller has refused to stipulate that his client's damages are less than $75,000. This is facially inadequate under the requirements of the Tenth Circuit in the *Laughlin* case.

Accordingly, because Defendant's notice of removal fails to set forth the underlying facts to support the assertion that the amount-in-controversy exceeds $75,000, I conclude that I lack subject matter jurisdiction over this action. As noted above, there is a presumption against removal jurisdiction. Pursuant to the foregoing, the Court finds that Defendant has not overcome that presumption in this case.

Because this action was removed, 28 U.S.C. § 1447(c) governs its disposition in this Court. That section provides that if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. Thus, remand is appropriate in this instance.

**IT IS THEREFORE ORDERED** that this case is remanded to the Eleventh Judicial District Court, County of San Juan, State of New Mexico.

_____
**UNITED STATES DISTRICT COURT JUDGE**